UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2018 SEP 11 A 10: 35

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE USE AND INSTALLATION OF GPS TRACKING DEVICE IN OR ON A BLACK CADILLAC CTS, WITH CONNECTICUT LICENSE PLATE NUMBER 975-WWC | UNDER SEAL<br><br>Misc. No. 3:18mj1408(HBF)<br><br>**AFFIDAVIT FOR DELAYED NOTICE OF GPS TRACKING DEVICES** |

I, WILLIAM P. READY, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, deposes and states:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Special Agent of the FBI for approximately 22 years. I am currently assigned to the FBI Field Division Office in New Haven, Connecticut, and am a member of the Fairfield County Organized Crime Task Force located in Bridgeport, Connecticut. Our unit's responsibility is to investigate the illegal activities of La Cosa Nostra ("LCN") in the State of Connecticut, including any criminal activity involving the Gambino Organized Crime Family of LCN. During my tenure with the FBI, I have participated in investigations involving, among other matters, narcotics trafficking in violation of 21 U.S.C. §§ 841, 843, and 846; racketeer influenced and corrupt organizations in violation of 18 U.S.C. § 1962 et seq.; making extortionate extensions of credit in violation of 18 U.S.C. § 891 et seq.; money laundering in violation of 18 U.S.C. §§ 1956 and 1957; and illegal gambling in violation of 18 U.S.C. § 1955. During the course of these investigations, I have conducted or participated in wire and electronic surveillance, physical surveillance, the execution of search warrants, debriefings

of informants, and reviews of taped conversations. Through my training, education and experience, I have become familiar with the manner in which individuals engage in illegal-gambling and money-laundering offenses.

2. I make this Affidavit in support of an application for an ex parte application for an Order pursuant to 18 U.S.C. § 3103a, authorizing an additional ninety-day period of delayed notification of the execution of the previously issued warrants to install, maintain, and use global positioning system ("GPS") tracking devices as part of an ongoing criminal investigation. Per these warrants, global positioning system ("GPS") tracking devices were placed in or on a vehicle described as a black Cadillac CTS, with Connecticut license plate number 975-WWC and vehicle identification number 1G6DT57V380212591 ("Subject Vehicle 2"). Subject Vehicle 2 is leased in the name DEAN DEPRETA ("DEPRETA"), 59 Bartina Lane, Stamford, CT, and operated by DEPRETA. Based on the evidence described herein and in my prior affidavits dated February 24, 2011; April 8, 2011; June 7, 2011; July 25, 2011, and September 27, 2011, all of which are fully incorporated herein, I submit that Subject Vehicle 2 was used to facilitate the conducting of an illegal gambling business in violation of 18 U.S.C. §§ 1955 and 2, and of money laundering in violation of 18 U.S.C. §§ 1956, 1957, and 2.

3. On February 24, 2011, I served as the affiant before the Court for a warrant to place GPS tracking devices on Subject Vehicle 2. My affidavit dated February 24, 2011, is fully incorporated herein for purposes of the instant affidavit.

4. On February 24, 2011, based on my affidavit, the Court issued a warrant authorizing the Federal Bureau of Investigation ("FBI") to use and install tracking devices in or on Subject Vehicle 2, among other vehicles, within the District of Connecticut during either daytime

or nighttime hours, within ten calendar days from the date of the warrant. The FBI placed the tracking device on Subject Vehicle 2 on February 24, 2011.

5. On April 8, 2011, the Court authorized the continued installation and use of tracking devices on Subject Vehicle 2 for an additional period of 45 days, which expired on May 24, 2011. My affidavit dated April 8, 2011, is also fully incorporated herein. On May 25, 2011, at 10:15 a.m., the FBI turned off the computer used to monitor the GPS tracking devices on Subject Vehicle 2.

6. On June 7, 2011, the Court re-authorized the continued installation and use of tracking devices on Subject Vehicle 2 for an additional period of 45 days, which expired on July 22, 2011. My affidavit dated June 7, 2011, is fully incorporated herein. On June 14, 2011, at 4:59 p.m., the battery of the tracking device on Subject Vehicle 2 expired, so that the tracking device ceased monitoring Subject Vehicle 2. The FBI has not replaced the battery or the tracking device on Subject Vehicle 2 since that time.

7. On the evening of April 28, 2011, the FBI executed search and seizure warrants relating to locations, vehicles, financial accounts, and cellular telephones, among other items, possessed and/or controlled by DEPRETA's associates, particularly RICHARD UVA, in the commission of their criminal activities, including violations of 18 U.S.C. § 1955 (operating illegal gambling business) and of 18 U.S.C. §§ 1956, 1957, and 2 (money laundering). In addition, the U.S. Attorney's Office and the FBI are currently pursuing a grand jury investigation into the activities of DEPRETA and his associates. At this juncture, neither DEPRETA nor UVA has been charged with a federal criminal offense.

8. On July 25, 2011, based upon the government's motion and affidavit, the

Court authorized an initial period of delayed notification until August 22, 2011. On September 27, 2011, based upon the government's motion and affidavit, the Court authorized an additional 90-day period of delayed notification *nunc pro tunc* until November 20, 2011.

9. Although DEPRETA is likely aware that he is under investigation, he does not know, among other things, the scope or breadth of the investigation; what means are being employed to investigate him; and what aspects of his conduct are being monitored by law enforcement. Moreover, it remains possible that the FBI may seek to place another tracking device on Subject Vehicle 2 in the future. I believe that to notify DEPRETA of the existence of the GPS tracking device on Subject Vehicle 2 at this time would adversely affect the ongoing investigation and possible future efforts to place and monitor a GPS tracking device on Subject Vehicle 2.

10. In short, I believe that disclosure of the above-referenced GPS warrants would lead to the destruction of or the tampering with evidence, and otherwise seriously jeopardize this investigation while it is still ongoing.

William P. Ready
Special Agent
Federal Bureau of Investigation

Subscribed and Sworn before me this 21 day of November, 2011, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons
HON. HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

-4-